UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD BURGE, SR., RONALD BURGE, JR., LEWIS LACEY, and PAUL GANIER, | ) ) ) |
| Plaintiffs, | ) 13 C 6399 ) ) Judge Feinerman |
| vs. | ) ) |
| RILEY ROGERS, individually and as Mayor of Dolton, JOHN FRANKLIN, individually and as Police Chief of Dolton, SABRINA SMITH, CATHERN BENDELL, ROBERT HUNT, TIFFANY HENYARD, STANLEY BROWN, and ROBERT PIERSON, individually and as Trustees of the Village of Dolton, and VILLAGE OF DOLTON, an Illinois municipality, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs are current and former employees of the police department of the Village of Dolton, Illinois, and they brought this suit against the Village and several of its officials in their individual and official capacities. Plaintiffs allege that they were terminated or demoted in retaliation for issuing a parking ticket to Riley Rogers, one of the defendants. Doc. 1. Rogers, John Franklin, and the Village answered. Docs. 46-48. The other defendants, who are Village trustees, filed a partial motion to dismiss. Doc. 28. The motion is granted.

First, the Trustees move to dismiss the official capacity claims against them on the ground that those claims are redundant of the claims against the Village. The Trustees are correct. A suit against a municipal official in her official capacity is the equivalent to a suit against the municipality. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits … generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an

1

official capacity suit is, in all respects other than name, to be treated as a suit against the entity.") (citation and internal quotation marks omitted); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("an official capacity suit is another way of pleading an action against an entity of which the officer is an agent"). The official capacity claims against the Trustees accordingly are dismissed. *See Budd v. Motley*, 711 F.3d 840, 843-44 (7th Cir. 2013); *Robinson v. Sappington*, 351 F.3d 317, 339-40 (7th Cir. 2003); *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987).

Second, the Trustees move to dismiss the class-of-one equal protection claims. Plaintiffs are public employees, and the Supreme Court has held that "the class-of-one theory of equal protection has no application in the public employment context." *Engquist v. Ore. Dep't of Agric.*, 553 U.S. 591, 604-05 (2008). Plaintiffs argue that *Engquist* allowed the possibility that public employees may bring class-of-one equal protection claims under extraordinary circumstances, but that argument cannot be reconciled with *Geinosky v. City of Chicago*, 675 F.3d 743 (7th Cir. 2012), which holds that "because the government traditionally is given even more discretion in its role as employer than in its role as enforcer of the law, public employees simply do not have recourse to class-of-one claims if they are singled out for firing." *Id*. at 747. *Geinosky* added: "To bring an equal protection claim, public employees aggrieved by their firing must be able to allege and later prove discrimination against a protected class. Under *Engquist*, the prohibition on class-of-one claims in the public employment context is *categorical*." *Ibid*. (emphasis added). Given this unequivocal and binding precedent, Plaintiffs may not proceed with their class-of-one equal protection claims.

Third, the Trustees seek dismissal of the substantive due process claim. They are correct in this as well. The Seventh Circuit has held that a substantive due process claim "is limited to violations of fundamental rights, and employment-related rights are not fundamental." *Palka v.*

*Shelton*, 623 F.3d 447, 453 (7th Cir. 2010).  Moreover, the Supreme Court has held that where a particular "Amendment provides an explicit textual source of constitutional protection against [a particular sort of government behavior], that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Graham v. Connor,* 490 U.S. 386, 395 (1989) (footnote omitted); *see also United States v. Lanier,* 520 U.S. 259, 272 n.7 (1997) ("if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under [that] standard").  Here, Plaintiffs contend that a specific constitutional theory, procedural due process, protected them from the allegedly wrongful terminations and demotions.  Doc. 1 at ¶ 41.  It follows that Plaintiffs may not also seek relief under a substantive due process theory.  *See Bratton v. Town of Fortville*, 2010 WL 2291853, at *3 n.2 (S.D. Ind. June 2, 2010) ("Furthermore, the rights that Plaintiffs assert have been violated, those of a public employee relating to treatment by his employer, are governed by the specific requirements of procedural due process and cannot be expanded by the generalized notion of substantive due process."); *Bartley v. Wis. Dep't of Corr.*, 2007 WL 1087790, at *6 (W.D. Wis. Apr. 5, 2007) ("In this case, plaintiff's allegations that he has a liberty interest in consideration for parole, admission into a sex offender treatment program and correction of his clinical file were properly analyzed under the procedural due process clause.  Therefore, plaintiff's substantive due process claim will be dismissed."), *aff'd*, 258 F. App'x 1 (7th Cir. 2007); *see also Eby-Brown Co., LLC v. Wis. Dep't of Agric.*, 295 F.3d 749, 753-54 (7th Cir. 2002) (where the plaintiff alleged unequal treatment in state licensing, rejecting a substantive due process claim on the ground that the plaintiff's "arguments [were] more properly considered claims under the equal protection clause alone").

In any event, Plaintiffs forfeited their substantive due process claim by failing to adequately defend it. Plaintiffs' brief devotes only a short paragraph to their substantive due process claim; the paragraph does not articulate a cogent argument in support of the claim and cites only an inapposite Illinois Supreme Court case. Doc. 37 at 5. Given this meager defense, the claim is forfeited. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") (internal quotation marks omitted); *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived") (internal quotation marks omitted); *Humphries v. CBOCS W., Inc.*, 474 F.3d 387, 407-08 (7th Cir. 2007) ("We agree with the district court's determination that [the plaintiff] waived (forfeited would be the better term) his discrimination claim by devoting only a skeletal argument in response to [the defendant's] motion for summary judgment."), *aff'd on other grounds*, 553 U.S. 442 (2008).

Fourth and finally, the Trustees seek dismissal of Plaintiffs' contract claims. "The required elements of a breach of contract claim in Illinois are the standard ones of common law: (1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 560 (7th Cir. 2012); *see also Ass'n Benefit Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 849 (7th Cir. 2007). Plaintiffs do not allege there was an actual employment contract between them and Defendants. They instead argue that their swearing an oath when they became police officers to "support not only the law but also the Rules and Regulations of

the Board of Fire and Police Commissioners" was an "acceptance" of the Defendants' "offer" to follow certain procedures contained within the regulations:

> Plaintiffs in the instant cause were required by the Village, prior to assuming their law enforcement duties, to swear an oath to support not only the law but also the Rules and Regulations of the Board of Fire and Police Commissioners, a board, similar to a Civil Service Commission, created by the Village in conformity with state statute. Those Rules and Regulations—requiring that a police officer be given sufficient cause, notice, and an opportunity to be heard before being terminated, demoted, or otherwise disciplined beyond a five day suspension—thereby became inherent terms and conditions of Plaintiffs' employment, as did the statute describing how this Board was to conduct its affairs. Specific promises were thus given and commitments made by the Village to each police officer in exchange for his or her willingness to fairly and impartially enforce the law, promises and commitments far more contractual than language in handbooks or circulars or *de facto* policies ….

Doc. 37 at 4; *see also* Doc. 1 at ¶¶ 31-35 (citing 65 ILCS 5/10-2.1-17, Dolton Ordinance 13-001, Dolton Board of Fire and Police Commissioners Rules and Regulations).

This argument has no merit. In administering an oath to their employees, Defendants could not plausibly have understood that they were imposing on themselves permanent, reciprocal obligations contained in state law, municipal ordinances, and the police department's rules and regulations. *See Nat'l Prod. Workers Union Ins. Trust v. Cigna Corp.*, 665 F.3d 897, 901 (7th Cir. 2011) (holding that contract formation requires a "meeting of the minds" and that the "secret hopes and wishes" of one party are insufficient). Because "it has long been understood that statutes are not contracts," Defendants did not become contractually bound to any statute, ordinance, or rule and regulation when Plaintiffs took their oath. *Pittman v. Chi. Bd. of Educ.*, 64 F.3d 1098, 1104 (7th Cir. 1995) ("A statute is not a commitment by the legislature never to repeal the statute. … To treat statutes as contracts would enormously curtail the operation of democratic government. Statutes would be ratchets, creating rights that could never

be retracted or even modified without buying off the groups upon which the rights had been conferred.").

To summarize, the Trustees' motion to dismiss is granted. The official capacity claims against the Trustees are dismissed, as are the class-of-one equal protection claims, the substantive due process claims, and the contract claims. The Trustees shall answer the surviving portions of the complaint by June 10, 2014.

May 21, 2014

                                          United States District Judge