UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD BURGE SR., RONALD BURGE JR., LEWIS LACEY, and PAUL GANIER<br><br>Plaintiffs,<br><br>v.<br><br>RILEY ROGERS, et al.,<br><br>Defendants. | No. 13 CV 6399<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, present and former police officers, say they were retaliated against for issuing a parking ticket to the mayor of Dolton, Illinois. Their complaint alleges numerous state-law claims against the Village and its leaders, as well as a claim for violations of procedural due process. Defendants have moved for summary judgment on the sole federal claim. For the following reasons, the motion is granted.

**I.      Legal Standard**

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014); Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking

summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## II. Background

Plaintiffs Ronald Burge Sr., Ronald Burge Jr., Lewis Lacey, and Paul Ganier are current and former employees of the Dolton police department. Plaintiffs each claim defendant Riley Rogers—the mayor of Dolton—retaliated against them for the roles they played in Rogers receiving a parking ticket (though the specifics of that political intrigue are not relevant to the present motion). The material facts are not in dispute.

*Plaintiff Ronald Burge Sr.*

In 2011, Rogers's predecessor hired Burge Sr. to serve as Dolton's Deputy Chief of Police. Burge Sr. was promoted to the position of Acting Chief of Police the following year. This appointment proved short lived, with Rogers replacing Burge Sr. immediately after taking office. The new mayor obtained the Board of Trustees' advice and consent in hiring the new Chief of Police (defendant John Franklin), but the mayor did not seek their explicit approval before terminating Burge Sr.

Burge Sr. obtained each of his positions in the Dolton police department by means of a mayoral appointment, and not through the competitive process set forth in the Board of Fire and Police Commissioners Act. *See* 65 ILCS 5/10-2.1-6(a).

2

*Plaintiff Ronald Burge Jr.*

On March 1, 2012, Burge Jr. became a part-time Dolton police officer. Franklin terminated Burge Jr. shortly after becoming the new Chief of Police in May 2013.

*Plaintiff Lewis Lacey*

In 1998, Lacey was hired as a patrol officer for the Dolton police department. He became a sergeant in 2003—a promotion he tested for through the Fire and Police Commission. In 2011 or 2012, Lacey was appointed to the position of commander, which he did not test for. In 2013, Franklin moved Lacey from commander back to sergeant.

*Plaintiff Paul Ganier*

In 2012, Burge Sr. and Lacey assigned Ganier to the traffic division of the Dolton police department, where he remained for a year and a half. Franklin moved Ganier to regular patrol on May 3, 2013. Ganier's salary and pension benefits were not affected, nor did his position or rank otherwise change.

*The Complaint*

Plaintiffs filed an eight-count complaint against the Village, the mayor, the new Chief of Police, and six Village Trustees. Count I alone alleged federal claims—specifically, violations of substantive and procedural due process, and a violation of plaintiffs' rights to equal protection of the laws. Jurisdiction over the state-law claims is based on 28 U.S.C. § 1367.

3

The Trustee defendants moved to dismiss the substantive due process and equal protection claims under Rule 12(b)(6). [28]. That motion was granted. [59]. Although the non-Trustee defendants did not move to dismiss those two claims—they answered them instead—the non-Trustee defendants contend the dismissal applied to them as well. Plaintiffs respond by arguing that (1) the prior order should not apply to Trustee defendants Robert Pierson and Cathern Bendell because they are differently situated, and (2) Judge Feinerman got it wrong on both claims. Plaintiffs' first position is puzzling, since Pierson and Bendell were two of the six Trustees to explicitly move to dismiss the claims. *See* [28] at 1. On the second point, this is not the appropriate forum in which to seek review of the prior order. Moreover, Judge Feinerman's analysis of the allegations in the complaint demonstrated that the substantive due process and equal protection claims failed in their own right; not contingent on the situation of any defendant. *Engquist v. Ore. Dep't of Agric.*, 553 U.S. 591, 604–05 (2008), bars the class-of-one theory in the public employment context, and there can be no substantive due process claim where the right to procedural due process is the more specific source for constitutional protection for the allegedly wrongful terminations and demotions. [60] at 2–3. All defendants are entitled to judgment in their favor on the substantive due process and equal protection claims, for the reasons stated in Judge Feinerman's opinion.

Accordingly, the only federal claim to be addressed is the alleged violations of plaintiffs' rights to procedural due process. If their motion for summary judgment is

4

granted, defendants also seek dismissal of the remaining state-law claims. Finally, defendants ask for summary judgment on all claims as to Pierson and Bendell.

### III. Analysis

To maintain a claim for a procedural due process violation, a plaintiff must show he was deprived of a protected property interest. *Tom Beu Xiong v. Fischer*, 787 F.3d 389, 399 (7th Cir. 2015). "To have a protectable property interest in a benefit, such as continued employment, a plaintiff must have more than an abstract need or desire for it and more than a unilateral expectation of it. Instead, a plaintiff must have a legitimate claim of entitlement to it." *Dibble v. Quinn*, — F.3d —, 2015 WL 4393536, *3 (7th Cir. July 20, 2015) (quotations omitted). "In general, a public employee has a legitimate claim of entitlement to continued employment 'when an employer's discretion is clearly limited so that the employee cannot be denied employment unless specific conditions are met.'" *Id.* (quoting *Colburn v. Trustees of Indiana Univ.*, 973 F.2d 581, 589 (7th Cir. 1992)). In other words, a public employee "generally is required to show that the terms of his employment provide for termination only 'for cause' or otherwise evince 'mutually explicit understandings' of continued employment." *Kvapil v. Chippewa County*, 752 F.3d 708, 713 (7th Cir. 2014).

Plaintiffs identify several authorities that purportedly limited the Village's discretion to deny them employment. First, plaintiffs cite a section of the Illinois Board of Fire and Police Commissioners Act concerning the removal of police officers. *See* 65 ILCS 5/10-2.1-17. Generally speaking, "no officer or member of the

5

. . . police department" may be removed "except for cause." *Id*. If the employee to be removed is an appointed Chief of Police, though, he can be removed by the appointing authority itself, whether or not "for cause." *Id*. Such a termination is complete once (1) the appointing authority files the reasons for the removal with the "corporate authorities," and (2) those authorities approve the termination by a majority vote. *Id*.

Defendants say this section does not apply to Burge Sr. at all because he was not hired by the Dolton Board of Fire and Police Commissioners. Nothing in the language of the Act, however, suggests its protections are limited in the manner defendants propose. Further, in *Szewczyk v. Board of Fire and Police Commissioners*, the Illinois Court of Appeals applied § 10-2.1-17 to just such a mayorally-appointed Chief of Police. *See* 2011 IL App (2d) 100321 ¶¶ 27–28.

Defendants also believe the section does not apply to Burge Sr. because Dolton has exempted Chiefs and Deputy Chiefs from the Commissioners' jurisdiction. For this point, defendants rely on the Dolton Code, which explicitly grants the mayor the power to appoint the "Police Chief" and the "Assistant Police Chief." [85-2] § 2-7-8(A); *see also* 65 ILCS 5/10-2.1-4. What defendants do not explain, though, is why Dolton's act of granting the mayor the right to appoint these positions, removes them from the jurisdiction of the Commissioners for all other purposes as well. Neither the Illinois statute nor the Village Code says anything to that effect.[1] While Dolton could have exempted Chiefs and Deputy Chiefs in this

---

[1] The Illinois Supreme Court has sanctioned home rule municipalities enacting ordinances that contradict the Act. *See Stryker v. Village of Oak Park*, 62 Ill.2d 523, 526–27 (1976).

manner, *see, e.g., Grayer v. Welch*, 2011 WL 4578373, *5 (N.D. Ill. Sept. 30, 2011) ("[e]ach . . . appointment [of a lieutenant] shall be exempt from the jurisdiction of the Police Commission"), Dolton did not do so.

Thus, the Act's removal provisions applied to Burge Sr. at the time he was terminated, and the question becomes whether 65 ILCS 5/10-2.1-17 limited the mayor's right to terminate Burge Sr. in any substantive way. *See Miyler v. Village of East Galesburg*, 512 F.3d 896, 898–99 (7th Cir. 2008). It did not. As a Chief of Police who was appointed by the mayor, Burge Sr. was not protected by the "for cause" standard applicable to rank-and-file police officers. *See Szewczyk*, 2011 IL App (2d) 100321 ¶¶ 52–58. Instead, Burge Sr. could be terminated simply by the mayor filing his reasons for the termination with the Village Board, and the Village Board confirming the termination by a majority vote. 65 ILCS 5/10-2.1-17. Because these requirements did not limit the mayor's discretion in any substantive way, Burge Sr. cannot premise his constitutional claim on that section of the Act. *Miyler*, 512 F.3d at 898–99.

Burge Jr., Lacey, and Ganier likewise cannot premise a procedural due process claim on 65 ILCS 5/10-2.1-17, because—at the time of their alleged deprivations—the Act did not cover either part-time police officers (Burge Jr.) or officers who were merely moved from one job to another (Lacey and Ganier). *See* 65 ILCS 5/10-2.1-26; *Altman v. Hurst*, 734 F.2d 1240, 1242 (7th Cir. 1984).[2]

---

[2] Plaintiffs also cite Ordinance 07-406, which governs hiring part-time police officers for full-time roles. Although the ordinance does create some arguably substantive limitations, those rules apply only to officers who have already been hired into full-time positions. [93-8] at 2–3. These limitations do not apply to Burge Jr., who was never hired full-time.

7

Plaintiffs' next two purported sources of substantive limitation are (1) a Dolton ordinance requiring the mayor to get the Village Board's advice and consent before terminating any employee, and (2) the Rules and Regulations of Dolton's Board of Fire and Police Commissioners. *See* [1-4] at 2; [1-5] at 3–9. These authorities fare plaintiffs no better, however, because their requirements are also non-substantive and thus cannot underlie a property interest. *See Miyler*, 512 F.3d at 898–99.[3]

Finally, plaintiffs argue that a substantive limitation controlled the mayor's discretion because defendants all admitted in their answers that plaintiffs "had a right not to be fired, demoted or otherwise disciplined in violation of public policy or as a result of arbitrary and capricious action or in violation of law . . . ." As defendants point out, though, a question of law, such as this, is not susceptible to judicial admission. *See McCaskill v. SCI Mgmt. Corp.*, 298 F.3d 677, 682 (7th Cir. 2002). As a result, defendants responses to Paragraph 4 of had no legal effect.

In sum, there is no genuine question of fact concerning whether plaintiffs had a legitimate claim of entitlement to continued employment. Summary judgment is therefore warranted in favor of defendants on Count I. Because no federal claims remain, the other counts are dismissed without prejudice. *See* 28 U.S.C.

---

[3] Although the Rules set forth a definition for "cause" that is substantive in nature, [1-5] at 4, the Rules do not elsewhere use that term to establish a substantive limitation relevant to this case.

§ 1367(c)(3); *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906 (7th Cir. 2007).[4]

## IV. Conclusion

Defendants' motion for summary judgment [82] is granted. Enter judgment in favor of defendants on Count I. Counts II–VIII are dismissed without prejudice. Terminate civil case.

ENTER:

                                                Manish S. Shah
                                                United States District Judge

Date: 8/6/15

---

[4] Defendants' request that I enter summary judgment on all claims (including the state-law claims) as to defendants Bendell and Pierson is denied. Defendants' perfunctory argument that these defendants had no involvement is insufficiently developed; especially since plaintiffs have put forth evidence of Bendell's and Pierson's knowing involvements in Burge Sr.'s termination. *See* [93-11]. In any event, the better course is to dismiss the state law claims without prejudice. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

9